# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| GARY J. LONON | : | CIVIL ACTION |
| --- | --- | --- |
| *Plaintiff* | : | |
| | : | NO. 16-6456 |
| v. | : | |
| | : | |
| THE J.G. WENTWORTH COMPANY | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                               OCTOBER 26, 2018

## MEMORANDUM OPINION

**INTRODUCTION**

On December 15, 2016, Plaintiff Gary J. Lonon ("Plaintiff"), represented by counsel, filed a complaint against Defendant The J.G. Wentworth Company ("Defendant"), alleging race-based employment discrimination in violation of Title VII of the Civil Rights Act of 1964. [ECF 1]. By Order dated June 1, 2017, this matter was ordered to be arbitrated pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, and the matter was stayed pending completion of the arbitration. [ECF 11].

Presently before this Court is Defendant's *motion to dismiss the complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure*, premised on Plaintiff's failure to prosecute. [ECF 17]. Plaintiff has opposed the motion, [ECF 18], and Defendant has filed a reply memorandum. [ECF 19]. The issues presented in the motion to dismiss have been fully briefed and are ripe for disposition. After considering the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), for the reasons set forth, Defendant's motion is granted, and this matter is dismissed.

## BACKGROUND

This matter has a protracted procedural history; *to wit*:

On December 15, 2016, Plaintiff, represented by counsel, filed a race-based employment discrimination complaint against Defendant. [ECF 1]. On February 24, 2017, this Court issued a notice advising Plaintiff that the matter would be dismissed if he failed to serve Defendant with the summons and complaint by March 15, 2017, as required by Federal Rule of Civil Procedure ("Rule") 4(m). [ECF 2]. Despite the reminder, after the March 15 deadline to effectuate service had passed, Plaintiff moved for an extension of time to effectuate service, erroneously arguing that Rule 4(m) required service within 120 days, rather than 90 days. [ECF 4]. Notwithstanding Plaintiff's incorrect belief, the motion was granted, with a cautionary instruction that Plaintiff's counsel familiarize himself with current revisions to the Federal Rules of Civil Procedure. [ECF 5].

Following service, on May 9, 2017, Defendant filed a *motion to dismiss the complaint or, in the alternative, stay the proceedings and compel arbitration.* [ECF 9]. On May 31, 2017, Plaintiff filed his response, again late, and conceded that his claims against Defendant were governed by a Binding Arbitration Agreement ("the Agreement"). [ECF 10]. Under those circumstances, Defendant's motion was granted and, as noted, on June 1, 2017, this matter was stayed pending an arbitration proceeding, and the parties were directed to inform this Court when either arbitration had been completed or the matter had been resolved. [ECF 11].

Over a year passed without notice from either party, and on June 21, 2018, the parties were ordered to provide a status report on the arbitration process by July 11, 2018. [ECF 12]. By letter dated July 11, 2018, defense counsel advised this Court that Plaintiff had not filed a demand for arbitration and requested that the complaint be dismissed for failure to prosecute. [ECF 13]. On July 20, 2018, nine days after the Court's deadline, Plaintiff's counsel advised the Court that on July 10, 2018, he had informed defense counsel that Plaintiff was prepared to proceed with and intended to litigate his claim through arbitration. [ECF 14]. Since arbitration had not commenced, by Order dated August 15, 2018, Plaintiff was required to file, *inter alia,* a status report by August 21, 2018, confirming whether arbitration had commenced or when it was expected to commence. [ECF 15]. On August 21, 2018, Plaintiff filed a status report with an attached letter dated August 21, 2018, addressed to the American Arbitration Association ("AAA") and requesting a date for arbitration. [*See* ECF 16-1]. Thereafter, Plaintiff failed to pay the required filing fee, even after receiving a reminder from the AAA regarding his filing-fee obligation. [*See* ECF 17-3 at Exhibit B]. On September 10, 2018, the AAA notified Plaintiff that his arbitration matter had been closed without prejudice. [*See* ECF 17-3 at Exhibit C].

On September 12, 2018, Defendant filed the instant motion to dismiss for Plaintiff's failure to prosecute. In his response, Plaintiff essentially contends that Defendant took no action to initiate arbitration in accordance with the Agreement and bore equal responsibility for failing to initiate arbitration.

**LEGAL STANDARD**

Rule 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). The power to dismiss "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30. However, the "dismissal must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 869. In order to balance the expeditious disposition of cases against the severity of dismissal, the United States Court of Appeals for the Third Circuit (the "Third Circuit") has instructed district courts to apply a six-factor test to determine whether dismissal with prejudice is an appropriate sanction for failure to prosecute cases. *Id* at 867-68.

The *Poulis* factors require district courts to consider: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether the party has a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal or default; and (6) the meritoriousness of the claim and defenses. *Id.* at 868-69. Not all of the factors need be satisfied or weigh in favor of dismissal, however, in order for the District Court to exercise its inherent power to dismiss. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("While no single *Poulis* factor is dispositive, we have also made it clear that not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."). Should a balancing of these factors favor dismissal with prejudice, it is within the district court's discretion to dismiss. *Poulis*, 747 F.2d at 868.

**DISCUSSION**

To properly evaluate Defendant's motion to dismiss and the responses filed thereto, each *Poulis* factor will be analyzed to determine whether these factors individually and/or collectively weigh in favor of dismissal.

## *1. Extent of Plaintiff's Personal Responsibility*

A careful review of the record reveals that Plaintiff has not efficiently managed this matter. Whether the blame belongs to Plaintiff's counsel, rather than Plaintiff himself, is immaterial. *Poulis*, 747 F.2d at 868 ("a client cannot always avoid the consequences of the acts or omissions of its counsel"); *Link*, 370 U.S. at 633 ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot . . . avoid the consequences of the acts or omissions of this freely selected agent."). During the year that followed this Court's Stay Order to allow the parties to pursue arbitration, [ECF 11], neither Plaintiff nor Plaintiff's counsel took any action to pursue arbitration. Whether Plaintiff demanded that his attorney pursue arbitration is a fact unknown to this Court. Nevertheless, it appears that this matter would have remained dormant without the Court's consistent prodding. Plaintiff's subsequent failures to actually pursue arbitration, even after prompting by the Court, support a finding that he failed to prosecute this matter. Plaintiff has maintained the same counsel throughout this action and may fairly be subjected to the consequences of his chosen counsel's omissions, regardless of whether Plaintiff actually intended them. As such, this factor weighs in favor of dismissal.

## *2. Prejudice to Defendant*

Plaintiff's delay has clearly prejudiced Defendant. Plaintiff brought an action in federal court in 2016 despite knowing that his claims were bound by an arbitration agreement. Plaintiff's choice of forum and delays in complying with court orders have required Defendant to

account for this matter without resolution for an extended period of time and have caused Defendant to file motions to dismiss twice. Consequently, Defendant has been obligated to spend otherwise unnecessary time and resources. As such, this factor weighs in favor of dismissal.

### *3. Plaintiff's History of Dilatoriness*

As outlined, Plaintiff has repeatedly failed to respond to court orders and/or take action within a required or otherwise reasonable timeframe. Plaintiff missed the deadline for service of the complaint despite receiving a reminder by the Court, and he moved for an extension of time for service only after the deadline had passed. After the matter was referred to arbitration, Plaintiff did nothing for more than a year. When ordered to provide a status update on the case, Plaintiff filed a report nine days after the designated deadline that revealed that arbitration had not yet commenced. Only after the Court required a second update, fifteen months after the original order to arbitrate, did Plaintiff finally demand an arbitration date from AAA, making his demand on the day the status report was due. However, Plaintiff never paid the required filing fee, and the AAA administratively closed the matter without prejudice. As of the date of this Memorandum Opinion, Plaintiff has not paid the fee to reopen his arbitration case. Consistent with this pattern, Plaintiff's response to the instant motion was also filed late.

Plaintiff's extensive history of missed deadlines and needless delay clearly support a finding of a history of dilatoriness. *See Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as . . . consistent tardiness in complying with court orders"). Thus, this factor weighs strongly in favor of dismissal.

5

### *4. Willfulness and Bad Faith Conduct*

Plaintiff's failure to provide any explanation for his dilatory conduct, coupled with his repeated attempts to shift responsibility for that conduct to other parties, support a finding of willfulness in this matter. "Generally, [w]illfulness involves intentional or self-serving behavior." *Briscoe*, 538 F.3d at 262 (quoting *Adams*, 29 F.3d at 875). "If the conduct is merely negligent or inadvertent," it should not be called "contumatious." *Id.* However, the Third Circuit has held that the "[a]bsence of reasonable excuses may suggest that the conduct was willful or in bad faith." *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005). Here, Plaintiff has not provided any justification for his delay, except to attribute responsibility to Defendant for not demanding an arbitration date. Though Plaintiff mentions in his response to the instant motion that he was the victim of an assault that left him unable to work, [ECF 18], he provides no further information as to when or how the assault prevented him from demanding arbitration, diligently pursuing his case, or complying with the Court's Orders. Furthermore, Plaintiff's status report of July 10, 2018, indicates that Plaintiff had recovered from his injuries by that time, [ECF 14], and he still failed to demand arbitration until August 21, 2018. When he did, he neglected to pay the filing fee.

In addition, the Court notes that Plaintiff has repeatedly failed to cure deficiencies in the prosecution of his case despite having those deficiencies called to his attention. Often, he has offered excuses that strain credulity as a substitute for cure. For example, rather than attempt to explain his own delay in initiating arbitration, Plaintiff highlights Defendant's failure to demand arbitration. [*See* ECF 18]. Rather than provide assurances that he has paid or plans to pay the filing fee for arbitration, Plaintiff explains that he has inquired whether the AAA will credit his

filing fee in federal court toward arbitration, apparently blaming the case's current stagnation on AAA's failure to reply. *Id.*

Plaintiff's failure to provide any reasonable explanation for his delays in this case, combined with his evasion of responsibility for those delays, support a finding that Plaintiff's history of dilatoriness was willful and in bad faith. As such, this factor weighs in favor of dismissal.

### 5. *Effectiveness of Sanctions other than Dismissal*

Though a delay of this matter to allow the parties to arbitrate may appear reasonable, Plaintiff has yet to demonstrate that a continued stay would make arbitration possible. Over sixteen months after the parties were directed to submit the matter to arbitration, there is still no arbitration scheduled. Plaintiff argues that Defendant bears equal responsibility for failing to pursue arbitration and, as an alternative to dismissal, Plaintiff suggests only that his filing-fee obligation be evaluated independently by an arbitrator or that the fees be imposed on Defendant, despite language in the Agreement that clearly identifies Plaintiff as responsible for said fees. [*See* ECF 17-3 at Exhibit A] ("Employer agrees to pay all . . . fees and costs . . . with the exception of *Employee's required filing fee.*") (emphasis added). The Court sees no reason to continue to stay this case or impose a remedy short of the dismissal sought by Defendant. Thus, this factor weighs in favor of dismissal.

### 6. *Meritoriousness of Plaintiff's Claim*

A claim is meritorious if the allegations of the pleadings would support recovery if established at trial. *Poulis*, 747 F.2d at 869-70. Given the lack of any discovery, it is difficult to assess the merits, if any, of Plaintiff's claims. Thus, this factor is neutral. *See Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

7

## CONCLUSION

Having determined that five of the six *Poulis* factors individually and collectively weigh in favor of dismissal, Defendant's motion to dismiss is granted, and Plaintiff's claims are dismissed with prejudice for failure to prosecute. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.